IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-825-06






JERRY LILLARD, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE NINTH COURT OF APPEALS


 ANGELINA COUNTY







Per curiam.



O P I N I O N 




 A jury found Appellant guilty of felony theft and the trial court assessed punishment
at ten years' imprisonment and a fine of $5,000. The Court of Appeals reversed the
conviction, finding the evidence was factually insufficient to support Appellant's conviction. 
Lillard v. State, No. 09-04-395-CR (Tex. App. -- Beaumont 2006). 

 The State has filed a petition for discretionary review contending the Court of Appeals'
decision was based on the standard for factual sufficiency review as articulated by language
in Zuniga, 144 S.W.3d 477 (2004), which is inappropriate and in conflict with previous
jurisprudence. The State specifically claims that Zuniga's premise that evidence can
preponderate in favor of guilt and still be factually insufficient conflicts with earlier caselaw. 
 Recently, in Watson v. State, S.W.3d (Tex. Crim. App. No. PD-469-05, delivered
October 18, 2006), we addressed this issue. We concluded that to the extent Zuniga
inadvertently distorted factual sufficiency review as it has historically been conducted by this
Court, it is overruled. Id. slip op. at 1-2. We held that a reviewing court may not reverse a
conviction for factual insufficiency when it finds that the evidence preponderates in favor of
guilt. Id. at 38-39. Further, the Court reiterated its previous stand that the great weight and
preponderance of the evidence must contradict the jury's verdict before the reviewing court
may exercise its appellate jurisdiction to order a new trial. Id. at 39-40. The Court of Appeals
in the instant case did not have the benefit of our opinion in Watson. Accordingly, we grant
the State's petition for discretionary review, vacate the judgment of the Court of Appeals, and
remand this case to the Court of Appeals for consideration in light of our opinion in Watson.


Delivered: December 6, 2006


Do Not Publish